FREEDMAN, P. J.   This action is to recover damages for personal injuries alleged to have been sustained through the negligence of the defendant.   Upon the trial the motorman, who was sworn as a witness for the defendant, was asked by plaintiff's counsel if he gave his name to a policeman at the time of the accident as "I. Nathanson," and he stated in answer thereto that he did not give his name to anybody. Subsequently the policeman was permitted to testify, over the defendant's objection, that "the conductor of the car gave me the name 'I. Nathanson' as to the motorman of the car."   This was clearly hearsay testimony, and its effect was to discredit the motorman's testimony. In giving this testimony the witness was also asked to "look at your book in which you entered it; what name of the motorman was given to you at that time?"   To this proper objection was made, and overruled.   Later on the same witness was permitted to read from a book the report of the accident made by him and sent to the station house. At neither reading from the book nor prior thereto had the witness expressed or indicated any loss of memory regarding the circumstances detailed in his report, nor was the book itself offered in evidence.   The rule this violated is too well known to need citations of authorities in its support.   These errors are such as require a reversal of the judgment and the ordering of a new trial.

Judgment reversed.   New trial ordered, with costs to the appellant to abide the event.   All concur.

(45 Misc. Rep. 613)

### STEIN v. WOODWARD PUB. CO. et al.

#### (Supreme Court, Appellate Term.   December 7, 1904.)

**1. CONTRACTS—JOINT LIABILITY—ACTION—PARTIES.**

Where plaintiff sued defendant individually, and also a corporation of which defendant was president, to recover for services, it was necessary to establish a joint liability to show that both defendants expressly or impliedly recognized their joint liability, and proof merely that defendant was the president of the corporation, and that for some time previous to the time the services sued for were rendered plaintiff was paid for similar services in checks signed by the corporation, per defendant as president, was not sufficient, it not appearing that such former services were rendered to both defendants.

**2. SAME—APPEAL.**

The case being tried on the theory that the defendants were jointly liable, and evidence as to what services were rendered to each defendant being indefinite, and no request having been made therefor, plaintiff was not entitled to a judgment against both under Code Civ. Proc. § 456; providing that, where a summons is issued against two or more defendants alleged to be severally liable, and is not served upon all, the plaintiff may proceed against those served, etc., and, if served upon all, he may take a judgment against one or more of them, where he would be entitled to judgment if the action was against him or them alone.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Jacob B. Stein against the Woodward Publishing Company and William H. England, doing business under the name of the Merchants Co-operative Association.   Judgment for plaintiff, and defendants appeal.   Reversed.

91 N.Y.S.—2

Argued before FREEDMAN, P. J., and BISCHOFF and GIL-
DERSLEEVE, JJ.

Wentworth, Lowenstein & Stern, for appellants.
Henry Lewis, for respondent.

FREEDMAN, P. J.   One of the defendants, the publishing com-
pany herein, is a domestic corporation, of which the defendant W.
H. England is the president, and the other is an individual doing
business under the style and name of the Merchants Co-operative
Association.   Plaintiff sued both for work, labor, and services and
moneys expended, and sought to and did recover a judgment
against both.   The testimony shows that during the time the plain-
tiff rendered the services he was employed by England, and did
work sometimes for the corporation and sometimes for England,
both the corporation and England having offices in the same build-
ing.   The plaintiff's claim that there was a joint liability existing
in favor of the plaintiff and against the defendants is expressed by
plaintiff's counsel in his brief in his assertion that "the proof shows
employment by both defendants under a general employment to do
any work that they wanted him [plaintiff] to perform"; but this
proof consists in the mere fact that England is the president of the
corporation and is also doing business as an individual.   This is
not enough.   The plaintiff should have given some testimony tend-
ing to show that both defendants expressly or impliedly recog-
nized their joint liability.   True, England employed the plaintiff to
do the work, but there is nothing to show that when plaintiff per-
formed work for the corporation upon England's request that Eng-
land as an individual assumed any liability therefor or received
any benefit therefrom, and the same is true of the corporation when
plaintiff performed labor and services for England as an individual.
No inference of a joint liability of the defendants can be drawn
from the fact that for some time previous to the time the services
sued for herein were rendered the plaintiff was paid for similar
services in checks signed by "Woodward Publishing Co., W. H.
England, President," for the reason that it does not appear that-
the services for which those checks were given were rendered to
both defendants.

The plaintiff urges that this court can invoke the power con-
ferred by section 456 of the Code of Civil Procedure, which pro-
vides that, where a summons is issued against two or more de-
fendants alleged to be severally liable, and is not served upon all,
the plaintiff may proceed against those served, etc., and, if served
upon all, he may take a judgment against one or more of them,
where he would be entitled to judgment if the action was against
him or them alone; and says, "One or both of the defendants is
wholly and severally liable to plaintiff for the full amount, and this
court, as well as the court below, could have rendered judgment
against one or both of the defendants for the full amount."   No
such request was made of the court below, although it was plainly
stated to plaintiff that such was his proper course.   The case was
tried upon the theory that the defendants were jointly liable, and

the evidence as to what services were rendered to each defendant is so indefinite and uncertain in its character as to furnish no reliable guide by which to charge either defendant therewith, even if this court had a desire to thus aid the plaintiff. With the exception of naming the defendant to be exclusively proceeded against, the trial judge was clearly correct when he said at the close of the trial, "You either have to discontinue, and take a judgment of dismissal, or elect to proceed against the defendant England alone." This statement by the court should have been heeded by the plaintiff. The subsequent rendition of judgment in favor of the plaintiff against both defendants cannot be sustained.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.